SHIVERS, Judge.
Shurly Contracting, Inc. (Shurly) appeals an order of the Department of Transportation finding Shurly delinquent in completing a construction project and suspending its certificate of qualification for 220 days. We affirm the finding of delinquency, but remand for proper calculation of the number of days delinquent, the concomitant per diem liquidated damages, and the period of suspension.
Shurly was the successful bidder on a State project to install computer controlled traffice signals in Broward County. The contract allowed 70 days from November 23, 1983, to complete the project. The project engineer calculated that the contract time had expired on February 11, 1984, and the Department began charging $100 per diem liquidated damages as provided in the contract. On August 10, 1984, the Department conditionally accepted Shurly’s work subject to the correction of certain deficiencies. These Shurly failed to correct, so the Department recommenced the assessment of liquidated damages on November 13, 1984 until the repairs were completed December 21, 1984.
Shurly complained that due to errors in the plan, unseasonable weather, and traffic flow, it was not possible to finish the contract within 70 contract days. The project engineer for the Department of Transportation testified it was his opinion that there were seven rain days and nine trouble shooting days which should not be charged to Shurly.
The hearing officer determined that Shurly was delinquent pursuant to section 337.16(1), Florida Statutes (1983) and recommended Shurly be suspended for a period of 220 days, the number of days Shurly was determined to be delinquent.
*25 Competent substantial evidence supports the hearing officer’s recommended order as adopted by the Secretary of the Department of Transportation. We therefore affirm the finding that Shurly, the contractor, was delinquent in completing the project. Section 120.68(10), Florida Statutes (1983); Collier Medical Center v. State, Department of Health and Rehabilitative Services, 462 So.2d 83 (Fla. 1st DCA 1985). However, the Department has conceded in its brief that pursuant to the standard specifications, section 8-7.3.2, the 16 rain and trouble shooting days should have been added to the number of calendar days, allowing Shurly 86 days to complete the project. We agree with the Department’s concession that Shurly was 204 days delinquent rather than 220 as found by the hearing officer. As the number of days Shurly was suspended was equal to the number of days it was found to be delinquent, we remand to the Department for a reduction of the period of suspension to 204 days, and for a reduction of the $100 per diem liquidated damages by $1,600.
AFFIRMED in part and REMANDED.
WENTWORTH and WIGGINTON, JJ., concur.